DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| REVERE HIGH YIELD FUND, LP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| M/V MISTER B, her tackle, gear, ) | Civil No. 2016-06 |
| and all of her appurtenances in ) | |
| rem; BOYSON, INC.; OCEAN LINK ) | |
| ENTERPRISES, LTD.; ARTHUR'S ) | |
| LEGACY, LLC; BREEZE SHIPPING, ) | |
| LLC; CHERYL BOYNES-JACKSON; ) | |
| CHERYL BOYNES JACKSON as Trustee ) | |
| of the Noel U. Boynes, Sr. and ) | |
| Bernice C. Boynes Living Trust; ) | |
| NOEL U. BOYNES, SR; BERNICE ) | |
| MAHONEY-BOYNES; CHEMICA B. ) | |
| JACKSON, as Trustee of the ) | |
| Michael A. Jackson, Sr. and ) | |
| Cheryl Boynes-Jackson Living ) | |
| Trust; BERNICE C. BOYNES; ) | |
| MICHAEL JACKSON, SR; ) | |
| ) | |
| Defendants. ) | |

APPEARANCES:

**Kanaan Le'Roy Wilhite**
**Charles S. Russell**
Moore, Dodson and Russell
St. Thomas, U.S.V.I.
    *For Revere High Yield Fund, LP,*

**Julie G. Evert**
Law Office of Julie Evert
St. Thomas, U.S.V.I.
    *For Mister B, Auto Trans-It, and Boyson, Inc.,*

**Andrew L. Capdeville**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, U.S.V.I.
    *For Arthur's Legacy, LLC; Breeze Sipping, LLC; Cheryl*
    *Boynes Jackson as Trustee of the Noel U. Boynes, Sr. and*
    *Bernice C. Boynes Living Trust; Chemica B. Jackson, as*

> *Trustee of the Michael A. Jackson, Sr. and Cheryl Boynes-Jackson Joint Living trust,*

**Cheryl Boynes-Jackson**
**Noel U. Boynes, Sr.**
**Bernice Mahoney-Boynes**
**Michael Jackson, Sr.**
  *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Revere High Yield Fund, LP for an Order of Sale of the M/V Mister B. Upon review of the record, and for the reasons outlined by the Court during the September 20, 2016, hearing, it is hereby

**ORDERED** that Revere's Motion Requesting Order for Interlocutory Sale of Vessel and Fixing of Minimum Sale Price is **GRANTED**; and it is further

**ORDERED** that the United States Marshal shall immediately set a time, date, and place for the sale of the M/V Mister B; and it is further

**ORDERED** that the minimum sale price that the United States Marshal may accept at the sale is $2,100,000.00. If the sale fails to reach the minimum sale price, the sale shall be adjourned with no successful bidder and the Marshal shall make such a report to the Court within ten days; and it is further

**ORDERED** that Revere shall cause notice of the sale to be advertised in a printed newspaper of general circulation within the District of the Virgin Islands once a week for four consecutive weeks, with the last date of publication not more than twenty days or less than seven days immediately preceding the sale. If a second sale is required, Revere shall again advertise as provided herein; and it is further

**ORDERED** that any party hereto may further advertise the sale consistent with this Order in any media or forum in which potential purchasers might be alerted to the sale in order to maximize the potential purchase price. No party except Plaintiff shall be entitled to seek reimbursement for the costs of such advertising; and it is further

**ORDERED** that the publication notice shall contain the caption of the case; a concise description of the vessel; the date, time and place of sale; notice that written bids can be made with a stated deposit in terms of percentage of the bid; and the name and address of Revere's counsel from whom further information may be obtained, including the terms of sale as ordered herein; and it is further

**ORDERED** that the successful bidder shall immediately deposit ten percent of the bid with the United States Marshal,

and shall pay the balance within three business days after the day on which the bid was accepted. Payment shall be made in cash, by certified check, or by cashier's check; and it is further

**ORDERED** that if the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder is deemed to be in default. In such a case, the judicial officer may accept the second highest bid or arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional cost incurred by the Marshal because of the default, the balance being retained in the registry of the court awaiting its order; and it is further

**ORDERED** that at the conclusion of the sale, the Marshal shall forthwith file a written report with the court of the fact of the sale, the date, the net price obtained, the name and address of the successful bidder and any other pertinent information; and it is further

**ORDERED** that the Marshal's fees, expenses and commission as required by 28 U.S.C. § 1921, Substitute Custodian fees, security costs, costs of arrest, including insurance premiums, and costs of sale, including all publication costs, shall be deducted from the net price obtained, and upon application to

the Court, reimbursed to the respective parties. Thereafter, the remaining proceeds of the sale shall be deposited into the registry of the Court for distribution following resolution of this matter; and it is further

**ORDERED** that upon the payment of the proceeds of the sale of the vessel into the registry of the Court, the Marshal shall send written notice within five business days to all persons known to him or to the substitute custodian to have claims for charges incurred while the vessel was in the custody of the Court, and shall notify such persons of the necessity of filing claims under oath within ten business days of the mailing of such notice; and it is further

**ORDERED** that an interested person may object to the sale by filing a written objection with the clerk within three business days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing such sum with the Marshal as determined by the Marshal to be sufficient to pay the expense for keeping the property for at least seven days. Payment to the Marshal shall be in cash, certified check, or cashier's check; and it is further

**ORDERED** that upon confirmation of the sale, the Marshal shall transfer title to the purchaser free and clear of all

recorded and unrecorded liens, including maritime liens; and it is further

**ORDERED** that if an objection is sustained, sums deposited by the successful bidder will be returned to the bidder forthwith. The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector. The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale; and it is further

**ORDERD** that if the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.

                                                   S\_____
                                                   **Curtis V. Gómez**
                                                   **District Judge**